PROVOSTY, J.
The judges of the Court of Appeal of the Parish of Orleans, having become doubtful of their jurisdiction of this case, have applied to this court for instructions.
The mother of the plaintiff disposed of her entire estate by donations inter vivos, in the form of sales, to plaintiff and her coheirs, and died intestate, ieaving no debts. The sale to plaintiff was for the nominal sum of $1,000; those to plaintiff’s sisters and coheirs, for the nominal sums of $4,000 and $3,000, respectively. Plaintiff alleges these *231 facts, and prays tliat her coheirs he made to collate.
The answer was a general denial, hut the issues which were tried and passed on by the trial court were the following: As to the value of the properties donated; as to whether the donations were made free of the obligation to collate; as to whether the mother was indebted to one of the defendants in the sum of $1,009.28, and whether, if so, this defendant was entitled to deduct that sum from the amount to be collated by her.
The district court fixed the value of the several properties together at $8,055, allowed the claim for $1,009, and found that the donations were made free of the obligation to collate, and, finding that what plaintiff had received was equal to her share in the succession, dismissed her suit. The court divided the succession into four parts. Why into four parts, when the heirs were only three, is not explained in the statement of the case as made up for our consideration.
Prom this judgment an appeal was taken to the Gourt of Appeal.
The Code defines “collation” as follows:
“Art. 1227. The collation of goods is the supposed or real return to the mass of the succession which an heir makes of property which he receives in advance of his share or otherwise, in order that such property may be divided together with the other effects of the succession.”
Therefore by suing for collation the plaintiff was demanding that this property, largely exceeding $2,000 in value, be returned, either really or Actively, to the succession, and that after such return it be divided among the heirs. Clearly, then, the matter involved in the suit is the distribution of a fund exceeding $2,000, and the jurisdiction of the case belongs to the Supreme Court. Article S5, Const.
If this were not of itself plain enough, it would be made so by the following considerations which our Brothers of the Court of Appeal submit to us along with the request for instructions.
They say:
“If we assumed jurisdiction of the cause, and undertook to pass upon the merits, we would have the power to find that the value of the properties exceed $8,000, or that Mrs. Helen has no valid claim for $1,009.28, amount claimed by her to have been paid for account of her mother, or that there is no evidence showing any intention of the donor to dispose of the disposable portion, or that the mass of the estate is to be divided into three equal parts, and not four, as decided by the lower judge; all of these contentions being urged in both printed and oral argument by the counsel for the appellant. If these contentions should prove well founded, necessarily the plaintiff’s interest would exceed $2,000, and hence, even if ‘the amouut claimed’ by her out of this fund is to be the test, the case would be beyond our jurisdiction.”
To the certified question, then:
“Where one of several forced heirs institutes a suit against his coheirs for the purpose of effecting a return to the mass of the succession of the common ancestor of property received by, them from their ancestor by donation inter vivos, in order that a judicial adjustment of the respective rights and obligations of the coheirs may be had, and that equality by collation among them may take place, and where, in such suit, the petition avers that the several properties received by the respective heirs, and which it is sought to have collated, aggregate $8,000 in value, which appellate court has jurisdiction on appeal from a judgment adjusting the respective rights of the parties — the Court of Appeal or the Supreme Court?” '
We answer, the Supreme Court.